THE circumstances of this case, and points in con^rovex-sy between the pax-tics, together with the Court’s opinion thereupon, were stated as follows, by Judge „ . „„ HOANE.
*111 This was an action of Trespass, brought by the appelfees, White and Dougherty, against the appellant, in the Superior Court of law for the County of Washington.— It charges that he (the appellant) combined withFagan, at Sullivan, to wit at the County of Washington aforesaid, and within the jurisdiction of the Court, with force and arms, took three hundred head of cattle out of their possession, and other wrongs then and there did, against the peace of the Commonwealth. To this Declaration four several pleas were put in, and were demurred to by the plaintiffs, which demurrer was held good by the Court; whereupon, the defendant pleaded not guilty, on which, issue was taken; and a verdict was found for the plaintiffs, subject to the opinion oí the Court, upon the demurrer to evidence. The Court gave judgment for the plaintiff’ upon the demurrer, from which the defendant appealed to this Court.
As all the objections taken in tlie case, equally occur upon the Demurrer to Evidence, as upon the pleas, it will not be necessary for us to go into the latter; farther*, at least, than is inferrable from the opinion giv on upon the former. It is probable, however, that judgment should have been rendered for the appellant, at an earlier stage, upon the two last pleas; on the ground that they sot forth facts which shew, that Case, and not Trespass, was the proper action.
The Case, as briefly collected from the demurrer to' evidence, is, that the appellant had obtained an attachment,[5]in Tennessee, for a debt claimed as due from White, and caused it to be levied upon the property of both the plaintiffs; which attachment, it is alledged, was obtained en false pretences, and was iniquitous. The J udgmeni rendered on the Attachment was also perpetually injoiucd by the Court of Errors in that State. In addition to. this objection to the proceeding, it is further objected that *112 the action did not lie in Virginia, for an act committed in Tennessee; and that trespass was not the proper action.
We hold it to be a clear principle, that actions may bought here upon contracts entered into, or personal injuries committed, any where. In general, it is not necessary to state in the declaration, where the contract arose, or the injury was committed. But this is sometimes necessary, and then (for the sake of obviating the objection of a variance, or the like,) the plaintiff is permitted, by a fiction, to state, under a videlicet, that the place is within the jurisdiction of the Court in which the suit is brought. It is also held that this fiction, being in furtherance of justice, can not be traversed. In cases in which the plaintiff does not use this fiction, the defendant shall not, in general, be permitted to aver that the cause of action arose in another Country; for that averment is in conflict with the principle before stated, that contracts and personal injuries are not in their nature local. A defendant shall not be permitted to aver this fact, unless he finds it necessary to aver, also, that, by the laws of the Country in which the act was committed, it was justifiable. In that case the locality of the act forms an essential pai't of his defence; it cuts up the right of action of the plaintiff; and the pleading it is even beneficial to the plaintiff, as it affords him an oppoiv tunity, before the trial, of ascertaining whether the laws of the Country in question are such as are averred by the plea. /
In the, case before us, it was not improper for the defendant to plead that the trespass was committed in the State of Tennessee, as he also pleaded that he was acting under the authority of the laws of that State, in the instance in question. These facts, however, do not go to the jurisdiction of the Court; but only to the justification of the defendant; the principle being, as aforesaid, thatif a party is justified, as to a transaction, in the Country or place in which it was committed, he is justifiable every where.
So, these facts may not only amount to a complete justification of the defendant; but, if they do not, they may *113 shew he is not responsible in the particular form of action in question. They shew, in the case before us, that the action of trespass vi et armis does not lie. The act in question was unaccompanied with force, and the defendant was only seeking redress of an injury by the regular forms of law. If, indeed, he has gone out of his proper province, and has endeavoured to make those forms subservient to the malignity of his views; if he has instituted the action or proceeding with malice and without probable cause; then, indeed, he is responsible for his conduct; but not in this form of action. The action adapted to such a state of things, is a special action on the case, for a malicious prosecution. The case of Young v. Gregory, in this Court, is conclusive to shew both that that is the proper kind of action, and that the declaration should aver the existence of malice, and the want of a probable cause of action.
The Evidence disclosed in the Demurrer, therefore, does not authorize the appellees to recover in this action, which is an action of Trespass. Whether it would justify a judgment in an action for a malicious prosecution, we need not determine.
This view of the case is conclusive as to the appellee White. It is also conclusive as to Dougherty. By connecting himself with White in this action, and suing the appellant instead of the Sheriff, he must submit to the decision in it. líe can not bring an action of trespass against the appellant, who has only pursued a legal remedy; and it is not necessary for us to say whether he could bring that action against the Sheriff, who is no party to this action. As at present advised, however, we think the officer was justified in seizing all the partnership effects. It is laid down in the case of Heydon v. Heydon,. 1 Salk. 392, that, on a judgment against one co-part-, ncr, the Sheriff must seize all the partnership effects; because the moieties are undivided; for if he seize but a moiety, and sell that, the other partner will have a right to a moiety of that moiety; but he must seize the whole, and sell a moiety thereof undivided, and the Vendee will be tenant in common with the other partner.
*114 On these grounds, we are of opinion, that the judgment should he reversed, and entered for the appellant.

. It seems, that, upon an attachment for a debt claimed as due from uuc W partner, the Sheriff must seize all the partnership effects, and sell a moiety thereof {undivided,- which case, the Vendee will be tenant in common with the other partner:—for, if lie seized but a moiety, and sold that, the other partner won Id have right to a- gaiety ef such moiety.